IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JIMMY RAY BARNES,

    Petitioner,

v.                                                          No. 1:18-cv-01255-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DIRECTING PETITIONER TO SHOW CAUSE

On December 26, 2018, Petitioner, Jimmy Ray Barnes, filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.) For the following reasons, Petitioner is ORDERED to show cause why the Petition and the case should not be dismissed.

The inmate asserts that he no longer qualifies for an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) on the authority of *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the Sixth Circuit's decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), *rev'd*, 139 S. Ct. 399 (2018). He argues that the Petition is timely because he filed it within one year of being placed into federal custody after having served a state sentence.

On April 23, 2019, Respondent, United States of America, filed a response to the Petition, arguing that the pleading's sole claim is untimely, procedurally defaulted, and without merit. Regarding timeliness, the Government maintains that (1) the limitations clock began running at the time Petitioner's federal sentence was imposed and expired before the Petition was filed, (2)

the pleading was filed more than one year after the decision in *Johnson* was issued, and (3) *Mathis* did not trigger a new one-year period under 28 U.S.C. § 2255(f)(3).

Although allowed to file a reply (*see* D.E. 6 at PageID 34), Petitioner has not responded to any of the Government's arguments, including its positions on timeliness. A search of the Federal Bureau of Prisons inmate locator website shows that Petitioner is no longer incarcerated at the facility last recorded by the Clerk of Court as his place of residence. A party's most basic responsibility is to keep the Court apprised of his whereabouts.

Accordingly, Petitioner is ORDERED to show cause within twenty-one days of entry of this order why the Petition should not be dismissed as untimely and for want of prosecution. Failure to comply with this order will result in dismissal of the Petition and the case without further notice, pursuant to Federal Rule of Civil Procedure 41(b). *See* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal of case for a "plaintiff['s] fail[ure] to prosecute or comply with . . . a court order")

IT IS SO ORDERED this 9th day of October 2020.

                                                        s/ J. DANIEL BREEN
                                                        UNITED STATES DISTRICT JUDGE